

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

**DANIEL A. MAJETTE,**

    Plaintiff,

v.                                                                  Civil Action No. **3:07cv591**

**GEO GROUP, INC,** *et al.,*

    Defendants.

## MEMORANDUM OPINION

Plaintiff, a Virginia inmate proceeding *pro se*, filed this action alleging that Defendants Turner, Richardson, Davis, and GEO Group subjected him to cruel and unusual punishment in violation of the Eighth Amendment.[1] The matter is before the Court on the motion to dismiss filed by Defendants Turner and GEO Group.

### I. STANDARD FOR A MOTION TO DISMISS

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (*citing* 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. Nevertheless, the Court is not required "'to accept as true allegations that are merely

---

[1] "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.

conclusory, unwarranted deductions of fact, or unreasonable inferences.'" *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002) (*quoting Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him [or her] to relief." *Conley*, 355 U.S. at 45-46. In *Bell Atlantic Corp.*, the Supreme Court noted that the complaint need not assert "detailed factual allegations," but must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.* (citation omitted), to one that is "plausible on its face," *id.* at 570, rather than "conceivable." *Id.* Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (*citing Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)).

Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint.

*See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. SUMMARY OF RELEVANT ALLEGATIONS

In June of 2006, Plaintiff was confined in the Lawrenceville Correctional Center ("LCC"). LCC is operated by GEO Group, a private corporation. GEO Group has a contract with the Virginia Department of Corrections ("VDOC") to operate LCC.

On June 8, 2006, Plaintiff was transported from LCC to the Medical College of Virginia ("MCV") for an examination at the MCV eye clinic. Prior to Plaintiff's transport to MCV, Defendant Turner, a correctional officer employed by GEO Group, placed handcuffs tightly on Plaintiff's wrists. Plaintiff advised Defendant Turner that the handcuffs were too tight. Defendant Turner removed the handcuffs and then replaced them even more tightly. Plaintiff once again informed Defendant Turner that the handcuffs were too tight. Defendant Turner smirked at Plaintiff, but otherwise ignored his request.[2] At some point, an unidentified officer also placed a "black box" over the handcuffs. (Am. Compl. ¶ 17.)

Upon his arrival at MCV, Plaintiff informed Defendants Richardson and Davis that the handcuffs were too tight and his hands had become numb. Defendants Richardson and Davis failed to take any action upon Plaintiff's request. Defendants Richardson and Davis informed Plaintiff that "*it is the duty of the officers from your correctional facility to loosen the restraints.*" (Am. Compl. ¶ 20 (emphasis in original).)

---

[2] Prior to this incident, Plaintiff and other inmates at LCC had filed many complaints with prison officials about Defendant Turner's conduct. (Am. Compl. ¶¶ 18-19.)

During his examination by the MCV ophthalmologist, Plaintiff "emotionally 'broke down.'" (Am. Compl. ¶ 24.) "Geo security and transportation employee, Constance Townes, noticed the injuries on the plaintiff's hands and wrists and immediately loosened the restraints." (Am. Compl. ¶ 24.) "The plaintiff suffered extensive swelling and bruising to both his left and right wrist. The injuries sustained by the plaintiff lasted for several days." (Am. Compl. ¶ 27.)

Upon his return to LCC, Defendant Turner denied Plaintiff access to medical attention and directed that Plaintiff return to his housing unit. Plaintiff did not receive medical attention until several hours later, when the counselor in Plaintiff's housing unit requested medical attention for Plaintiff. Nurse Powell examined Plaintiff and noted that both his right and left wrists were swollen.

On or about December 7, 2007, Plaintiff was transferred to Greensville Correctional Center, where he currently remains.

Plaintiff contends that he is entitled to relief upon the following grounds:

Claim 1     Defendant Turner violated Plaintiff's rights under the Eighth Amendment because:
(a) Turner placed the handcuffs too tightly upon Plaintiff.
(b) Turner failed to provide Plaintiff with access to medical care upon Plaintiff's return to LCC.

Claim 2     Defendant GEO Group was deliberately indifferent to the conduct of its employees.

Claim 3     Defendants Richardson and Davis violated Plaintiff's rights under the Eighth Amendment because:
(a) Richardson and Davis failed to loosen Plaintiff's handcuffs.
(b) Richardson and Davis failed to provide Plaintiff with prompt access to medical care for injuries he sustained as a result of his handcuffs.

Plaintiff demands injunctive relief and monetary damages.

## III. ANALYSIS

### A. Plaintiff's Demands For Injunctive Relief Against Turner And GEO Group

Plaintiff demands injunctive relief from Turner and GEO Group in the form of an injunction that would regulate their use of restraints upon his person. Plaintiff, however, has been transferred from LCC, the institution run by GEO Group and where Turner is employed. Plaintiff fails to suggest any likelihood of his return to LCC in the foreseeable future. The Court agrees with Defendants GEO Group and Turner that Plaintiff's transfer renders his claims for injunctive relief against them moot. *See Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) (citing cases). Accordingly, the motions to dismiss with respect to Plaintiff's claims for injunctive relief against Defendant GEO Group and Turner will be GRANTED and such claims will be DISMISSED.

### B. Plaintiff's Eighth Amendment Claim

In order to state an Eighth Amendment claim, a plaintiff must allege facts that suggest: (1) that objectively the deprivation suffered or harm inflicted was "'sufficiently serious,' and (2) that subjectively the prison officials acted with a 'sufficiently culpable state of mind.'" *Johnson v. Quinones*, 145 F.3d 164, 167 (4th Cir. 1998) (*quoting Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). The objective component requires this Court to determine "whether the alleged wrongdoing is objectively 'harmful enough' to establish a constitutional violation." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992) (*quoting Wilson*, 501 U.S. at 298). In this regard, the United States Court of Appeals for the Fourth Circuit has held that, "absent the most extraordinary circumstances, a plaintiff cannot prevail on an Eighth Amendment excessive force claim if his injury is *de minimis*." *Norman v. Taylor*, 25 F.3d 1259, 1263 (4th Cir. 1994) (en banc). The Fourth Circuit concluded that such extraordinary circumstances are present when (1) the force

5

used is "of a sort repugnant to the conscience of mankind," or (2) "the pain itself [is] such that it can properly be said to constitute more than *de minimis* injury." *Id.* at 1264 n.4 (internal quotations omitted) (*quoting Hudson*, 503 U.S. at 10). "In determining whether an injury caused by excessive force is more than de minimis, we look to the context in which that force was deployed." *Williams v. Bramer*, 180 F.3d 699, 703 (5th Cir. 1999).

Here, Defendants GEO Group and Turner contend that Plaintiff has failed to allege sufficient facts to support the objective prong of his Eighth Amendment claim because he has not sustained more than a *de minimis* injury. Defendants GEO Group and Turner assert:

> Courts have repeatedly found that allegations of bruising resulting from overly-tight handcuffs, without evidence of permanent injury, [are] insufficient to state a claim of excessive force. *See Carter v. Morris*, 164[] F.3d 215, 219 n.3 (4th Cir. 1999); *Darnell v. Phillips*, No. 89-6772, 1990 WL 134599 (4th Cir. Sept. 19, 1990) . . . ; *Cooper v. City of Virginia Beach*, 817 F. Supp. 1310, 1314-15 & 1319 (E.D. Va. 1993). *See also*[,] *Freeman v. Gore*, 483 F.3d 404, 416-17 (5th Cir. 2007); *Glenn v. City of Tyler*, 242 F.3d 307, 314 (5th Cir. 2001); *Nolin v. Isbell*, 207 F.3d 1253, 1255-56 (11th Cir. 2000); *Foster v. Metropolitan Airports [Comm'n]*, 914 F.2d 1076, 1082 (8th Cir. 1990).

(GEO Group's Br. in Supp. of Mot. to Dismiss 4.) None of the cases cited by Defendant GEO Group and Turner for this proposition speak to what a plaintiff must plead. Rather, they pertain to what a plaintiff must offer in the way of proof in order to survive summary judgment or to prevail at trial. Defendants GEO Group and Turner do not direct the Court to any decision where a court concluded allegations similar to Plaintiff's failed to state a claim.

Construing the allegations in the light most favorable to Plaintiff, the allegations suggest that Defendant Turner intentionally tightened the handcuffs on Plaintiff for the express purpose of causing Plaintiff pain. *See Stanley v. Hejirika*, 134 F.3d 629, 634 (4th Cir. 1998) (noting the *de minimis* standard is more easily satisfied where an inmate is calmly beaten by two guards in

6

response to a verbal altercation); *see also Williams*, 180 F.3d at 704.[3] It appears that the pain from the handcuffs was sufficiently severe so as to cause Plaintiff to have an emotional breakdown. It might be possible that the pain from the restraints was "such that it can properly be said to constitute more than *de minimis* injury." *Norman*, 25 F.3d at 1264 n.4 (internal quotations omitted) (*citing Hudson*, 503 U.S. at 10); *see Hope v. Pelzer*, 536 U.S. 730, 738 (2002) (concluding "gratuitous infliction of 'wanton and unnecessary' pain" from handcuffing inmate to a hitching post for 7 hours clearly violated the Eighth Amendment). Although this claim may not survive a motion for summary judgment, Plaintiff's allegations are sufficient to survive a motion to dismiss. Accordingly, Defendants Turner's and GEO Group's motions to dismiss Plaintiff's Eighth Amendment claims will be DENIED. The motions to dismiss (Docket Nos. 28, 38) are GRANTED IN PART AND DENIED PART.

The motion to allow Andrew L. Fitzgerald to withdraw as counsel of record for Defendants Turner and GEO Group (Docket No. 62) will be GRANTED.

An appropriate Order shall issue.

Dated: 8-5-09
Richmond, Virginia

/s/
James R. Spencer
Chief United States District Judge

---

[3] In *Williams*, the United States Court of Appeals for the Fifth Circuit held that the loss of breath and dizziness suffered when the suspect was allegedly choked while an officer searched his mouth did not amount to a cognizable injury. The Court stated that "[w]henever a detainee is physically searched by an officer, a physical confrontation inevitably results" and therefore concluded that fleeting dizziness, temporary loss of breath, and coughing did not rise to the level of a constitutional violation. *Id.* at 704. Where, however, the suspect was choked a second time and suffered similar injuries, the Court found that the choking rose to the level of a constitutional violation because the second choking was motivated by malice. *Id.*

7