

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

**DANIEL A. MAJETTE,**

    Plaintiff,

v.                                         Civil Action No. **3:07cv591**

**GEO GROUP, INC,** *et al.*,

    Defendants.

## MEMORANDUM OPINION

Plaintiff, a Virginia inmate proceeding *pro se*, filed this action alleging that Defendants Turner, Richardson, Davis, and GEO Group subjected him to cruel and unusual punishment in violation of the Eighth Amendment.[1] Specifically, Plaintiff contends that he is entitled to relief upon the following grounds:

| | |
|---|---|
| Claim 1 | Defendant Turner violated Plaintiff's rights under the Eighth Amendment because:<br>(a) Turner placed handcuffs too tightly upon Plaintiff.<br>(b) Turner failed to provide Plaintiff with access to medical care upon Plaintiff's return to Lawrenceville Correctional Center ("LCC"). |
| Claim 2 | Defendant GEO Group was deliberately indifferent to the conduct of its employees. |
| Claim 3 | Defendants Richardson and Davis violated Plaintiff's rights under the Eighth Amendment because:<br>(a) Richardson and Davis failed to loosen Plaintiff's handcuffs.<br>(b) Richardson and Davis failed to provide Plaintiff with prompt access to medical care for injuries he sustained as a result of his handcuffs. |

Plaintiff demands injunctive relief and monetary damages. The matter is before the Court on the motion for summary judgment filed by Defendants Richardson and Davis.

---

[1] "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.

## I. Standard For Summary Judgment

Summary judgment must be rendered "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). It is the responsibility of the party seeking summary judgment to inform the court of the basis for the motion, and to identify the parts of the record which demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the pleadings, depositions, answers to interrogatories, and admissions on file." *Id.* at 324 (internal quotation marks omitted). When the motion is properly supported, the nonmoving party must go beyond the pleadings and, by citing affidavits or "'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* (*quoting* former Fed. R. Civ. P. 56(c) and 56(e) (1986)). In reviewing a summary judgment motion, the court "must draw all justifiable inferences in favor of the nonmoving party." *United States v. Carolina Transformer Co.*, 978 F.2d 832, 835 (4th Cir. 1992) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). Nevertheless, the nonmoving party cannot "'create a genuine issue of material fact through mere speculation or the building of one inference upon another.'" *Emmett v. Johnson*, 532 F.3d 291, 296 (4th Cir. 2008) (*quoting Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir.1985)).

In support of their motion for summary judgment, Defendants Richardson and Davis have tendered their own affidavits. In opposition to the motion for summary judgment, Plaintiff offers his verified amended complaint and his own sworn statement. In light of the foregoing principles

and submissions, the facts set forth below are presumed true for purposes of the motion for summary judgment.

## II. Summary Of Pertinent Facts

In June of 2006, Plaintiff was confined at LCC. On June 8, 2006, Plaintiff was transported from LCC to the Medical College of Virginia ("MCV") for an examination at the MCV eye clinic. Prior to Plaintiff's transport to MCV, Defendant Turner, a correctional officer employed by GEO Group, placed handcuffs tightly on Plaintiff's wrists. Plaintiff advised Defendant Turner that the handcuffs were too tight. Defendant Turner removed the handcuffs and then replaced them even more tightly. Plaintiff once again informed Defendant Turner that the handcuffs were too tight. Defendant Turner smirked at Plaintiff, but otherwise ignored his request. Defendant Turner also placed a "black box" over the handcuffs. (Am. Compl. ¶ 17; Pl.'s Decl. in Opp'n ¶ 6.)

Upon his arrival at MCV, Plaintiff was placed in the MCV holding unit. The holding unit "is a secure, supervised waiting area for inmates who have been transported to the hospital for outpatient medical appointments." (Defs.' Mem. in Supp. of Summ. J. Ex. I, ¶ 3.) Defendants Richardson and Davis provided security for the holding unit. The officer who transports the inmate to MCV and escorts the inmate to and from his medical appointment is the only person with the key to the inmate's restraints. (Defs.' Mem. in Supp. of Summ. J. Ex. I, ¶ 7.) Plaintiff "advised Richardson and Davis on different occasions that the restraints were too tight and that the 'black box' had not been removed." (Pl.'s Decl. in Opp'n ¶ 9.) Plaintiff further "showed Richardson and Davis the swelling and bruising of [his] left and right wrist and advised them that [his] hands were numb." (Pl.'s Decl. in Opp'n ¶ 9.) Defendants Richardson and Davis informed

3

Plaintiff that "*it is the duty of the officers from your correctional facility to loosen the restraints.*" (Am. Compl. ¶ 20 (emphasis in original).) Defendants Richardson and Davis did not take any other action upon Plaintiff's request.

Shortly thereafter, Plaintiff was taken to the MCV eye clinic. During his examination by the MCV physician, Plaintiff "emotionally 'broke down.'" (Am. Compl. ¶ 24.) "GEO security and transportation employee, Constance Townes, noticed the injuries on the plaintiff's hands and wrists and immediately loosened the restraints." (Am. Compl. ¶ 24.) "The plaintiff suffered extensive swelling and bruising to both his left and right wrist. The injuries sustained by the plaintiff lasted for several days." (Am. Compl. ¶ 27.)

Upon his return to LCC, Defendant Turner denied Plaintiff access to medical attention and directed that Plaintiff return to his housing unit. Plaintiff did not receive medical attention until several hours later, when the counselor in Plaintiff's housing unit requested medical attention for Plaintiff. The parties have not provided admissible evidence regarding what medical care, if any, Plaintiff required.

### III. ANALYSIS

To survive summary judgment on an Eighth Amendment claim, an inmate must demonstrate: (1) that objectively the deprivation suffered or harm inflicted was "'sufficiently serious,' and (2) that subjectively the prison officials acted with a 'sufficiently culpable state of mind.'" *Johnson v. Quinones*, 145 F.3d 164, 167 (4th Cir. 1998) (*quoting Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). "What must be established with regard to each component 'varies according to the nature of the alleged constitutional violation.'" *Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir. 1996) (*quoting Hudson v. McMillian*, 503 U.S. 1, 5 (1992)).

4

The objective component requires this Court to determine "if the alleged wrongdoing was objectively 'harmful enough' to establish a constitutional violation." *Hudson*, 503 U.S. at 8 (*quoting Wilson*, 501 U.S. at 298). In this regard, the United States Court of Appeals for the Fourth Circuit has held that, "absent the most extraordinary circumstances, a plaintiff cannot prevail on an Eighth Amendment excessive force claim if his injury is *de minimis*." *Norman v. Taylor*, 25 F.3d 1259, 1263 (4th Cir. 1994) (en banc).[2] "The *de minimis* injury exception stems from the recognition that there is 'a *de minimis* level of imposition [of punishment] with which the Constitution is not concerned.'" *Carr v. Deeds*, 453 F.3d 593, 606 n.4 (4th Cir. 2006) (alteration in original) (*quoting Ingraham v. Wright*, 430 U.S. 651, 674 (1977)). Whether a given injury is *de minimis* can depend upon the context in which it is inflicted. *See Stanley v. Hejirika*, 134 F.3d 629, 636-37 (4th Cir. 1998) (noting the *de minimis* standard is more easily satisfied where an inmate is calmly beaten by two guards in response to a verbal altercation).

A *de minimis* injury has been described as one that is "trifling" or "minor." *Riley v. Dorton*, 115 F.3d 1159, 1167, 1168 (4th Cir. 1997) (en banc); *Outlaw v. Newkirk*, 259 F.3d 833, 839-40 (7th Cir. 2001). Examples of injuries found to be *de minimis* by the Fourth Circuit are: a swollen thumb, *see Norman*, 25 F.3d at 1264; having a pen placed up the nose and sustaining a welt on the face from being slapped, *see Riley*, 115 F.3d at 1167; slight bruising or swelling, *see Stanley*, 134 F.3d at 638; and, slight swelling in the jaw area, tenderness in ribs and some excoriation of the mucous membranes of the mouth from the use of a kubaton. *See Taylor v. McDuffie*, 155 F.3d 479, 484 (4th Cir. 1998); *see also Muldrow v. Eagleton*, 3:02CV03294, 2003

---

[2] The Fourth Circuit concluded that such extraordinary circumstances are present when (1) the force used is "of a sort repugnant to the conscience of mankind," or (2) "the pain itself [is] such that it can properly be said to constitute more than *de minimis* injury." *Norman*, 25 F.3d at 1264 n.4 (internal quotations omitted) (*quoting Hudson*, 503 U.S. at 10).

WL 23851115, at *4 (D.S.C. May 30, 2003) (amassing examples of force and resulting injuries found to be *de minimis*), *aff'd* 83 F. App'x 542 (4th Cir. 2003) (No. 03-7118), *available at* 2003 WL 23019234. Absent hard evidence of injury, the courts have concluded the minor aches and abrasions associated the use of restraints are not sufficiently serious to support a constitutional claim. *See Taylor*, 155 F.3d at 1184; *Riley*, 115 F.3d at 1167; *see also Carter v. Morris*, 164 F.3d 215, 219 n.3 (4th Cir. 1999); *Darnell v. Phillips*, No. 89-6772, 1990 WL 134599, at *5-6 (4th Cir. Sept. 19, 1990); *Cooper v. City of Virginia Beach*, 817 F. Supp. 1310, 1314-15 & 1319 (E.D. Va. 1993). Here, at best, the evidence indicates that Plaintiff experienced some temporary bruising, swelling, and tenderness around his wrists. Although Plaintiff characterizes the bruising and swelling on his wrists as "extensive" (Am. Compl. ¶ 27.), considered in the context of the record, that assertion is not sufficient to substantiate his contention that his injuries were more than *de minimis*. *See Taylor*, 155 F.3d at 484 ("[T]emporary swelling and irritation is precisely the type of injury this Court considers *de minimis*."); *Norman*, 25 F.3d at 1264[3]. First, there is no indication that Plaintiff sought medical attention for his wrists from the physician who was examining him at MCV. Moreover, there is no indication that this physician concluded that Plaintiff's wrists required medical attention. *See Taylor*, 155 F.3d at 485 (granting summary judgment where no medical treatment was required or prescribed). While Plaintiff asserts he sought medical attention upon his return to LCC, he has not provided any admissible evidence

---

[3] In *Norman*, a guard had struck the plaintiff's hand with a large set of brass keys. *Id.* at 1264 (Hall, J.) (dissenting). Plaintiff swore that he experienced "'great pain and swelling'" and that three years after the assault he still had pain in his thumb. *Id.* at 1265 (Hall, J.) (dissenting). The majority characterized the plaintiff's evidence of injury as a "sore thumb" and concluded that no reasonable juror could find that the plaintiff had sustained more than a *de minimis* injury. *Id.* at 1263-64.

regarding what treatment, if any, was prescribed. Thus, Plaintiff has failed to establish that his injuries were sufficiently serious to support the objective component of an Eighth Amendment claim

Furthermore, Plaintiff fails to demonstrate that the brief use of restraints here was "repugnant to the conscience of mankind" or that the resulting temporary discomfort "can . . . be said to constitute more than *de minimis* injury." *Norman*, 25 F.3d at 1264 n.4 (internal quotations omitted) (*quoting Hudson*, 503 U.S. at 10); *see e.g.*, *Orem v. Rephann*, 523 F.3d 442, 448 (4th Cir. 2008) (concluding use of taser to particularly sensitive parts of female plaintiff's body supported objective component of excessive force claim); *Taylor*, 155 F.3d at 484-85 (concluding plaintiff's general complaints of excruciating pain from restraints did not support excessive force claim); *Riley*, 115 F.3d at 1167-68 (same).[4] Plaintiff has failed to introduce evidence from which a reasonable jury could conclude that Plaintiff satisfied the objective component of his Eighth Amendment claims. The motion for summary judgment (Docket No. 48) will be GRANTED. Claims 3(a) and 3(b) for monetary relief against Defendants Richardson and Davis will be DISMISSED.

Defendants Richardson and Davis have not addressed Plaintiff's claims for injunctive relief against them in their official capacities. *See Cromer v. Brown*, 88 F.3d 1315, 1332 (4th Cir. 1996) ("Eleventh Amendment immunity does not protect state officials in their official capacities from § 1983 claims for injunctive relief." (*citing Will v. Mich. Dep't of State Police*,

---

[4] Plaintiff indicates that he was in the overly tight restraints for "more than 3hrs." (Am. Compl. July 30, 2006 Grievance.) The record reflects that shortly after his complaints to Defendants Richardson and Davis that his restraints were too tight, Correctional Officer Townes loosened Plaintiff's restraints.

491 U.S. 58, 71 n.10 (1989))). If Defendants Richardson and Davis wish to file a dispositive motion regarding Plaintiff's demands for injunctive relief, they must do so within thirty (30) days of the date of entry hereof.

An appropriate Order shall issue.

Dated: 9-17-09
Richmond, Virginia

/s/
James R. Spencer
**Chief United States District Judge**